UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEWDITH CULLAR, individually and on behalf of all other persons similarly situated,<br><br>          Plaintiffs,<br><br>-against-<br><br>NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, as operators of Henry J. Carter Specialty Hospital and Nursing Facility.<br><br>          Defendant. | CIVIL ACTION CASE NO:<br>17-cv- 4294<br><br><br><br><br>**COMPLAINT** |

Plaintiff JEWDITH CULLAR ("Named Plaintiff"), by her attorneys Virginia & Ambinder, LLP, alleges upon knowledge to herself and upon information and belief as to all other matters as follows:

## NATURE OF ACTION

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b) to recover unpaid overtime wages owed to the Named Plaintiff and all similarly situated persons (collectively "Plaintiffs") who are presently or were formerly employed as nurses, including but not limited to licensed practical nurses (hereinafter "LPN") and registered nurses (hereinafter "RN"), by New York City Health and Hospitals Corporation, as operators of Henry J. Carter Specialty Hospital and Nursing Facility, (hereinafter "Henry J. Carter Hospital" or "Defendant").

2. Beginning in June 2014 and continuing through the present, Defendant has engaged in a policy and practice of requiring Plaintiffs to regularly work in excess of forty (40)

hours per week, without providing overtime compensation as required by the applicable federal and state laws.

3.     Named Plaintiff has initiated this action seeking for herself, and on behalf of all similarly situated employees, all overtime compensation of which they were deprived, plus interest, damages, and attorneys' fees and costs.

## JURISDICTION

4.     Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337.

## VENUE

5.     Venue for this action in the Southern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## THE PARTIES

6.     Plaintiff Jewdith Cullar is an individual who is currently a resident of Bronx, New York, and was employed by Defendant as an LPN from approximately September 2009 until April of 2017.

7.     Upon information and belief, Defendant New York City Health and Hospital Corporation, own and operate the municipal hospital system in New York City, including Henry J. Carter Specialty Hospital and Nursing Facility located at 1752 Park Ave, New York, NY

10035. Defendant is duly organized and existing under the laws of New York and authorized to do business in New York.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

8. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

9. This action is brought on behalf of Named Plaintiff and a putative collective consisting of similarly situated employees who worked for Defendant as nurses, including but not limited to LPNs and RNs on or after June 7, 2014, who elect to opt-in to this action ("FLSA Collective").

10. Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Named Plaintiff and the FLSA collective. This pattern, practice, and/or policy includes, but is not limited to:

> a. willfully failing to pay Named Plaintiff and the members of the FLSA Collective overtime compensation for the hours they worked in excess of 40 hours in a given week.

11. Named Plaintiff and potential Plaintiffs who elect to opt-in as part of the FLSA collective are all victims of the Defendant's common policy and/or plan to violate the FLSA by automatically deducting one (1) hour of pay from their wages for every shift they worked for a "lunch break," even though Plaintiffs did not take all or part of their lunch break, thereby failing to pay overtime wages at one and one half times the regular rate of pay, for all time worked in excess of forty (40) hours in any given week pursuant to 29 U.S.C. § 207.

12. Named Plaintiff and members of the FLSA Collective all perform or performed the same primary duties.

13. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## FACTS

14. While working for Defendant, Named Plaintiff and other similarly situated employees were regularly required to perform work for Defendant, without receiving proper overtime compensation, as required by applicable federal law.

15. Named Plaintiff worked for Defendant as an LPN from approximately September 2009 until April 2017.

16. Named Plaintiff typically worked five (5) shifts per week, from approximately 7:30 a.m. to 4:00 p.m. Although she was supposed to receive a one (1) hour lunch break, Named Plaintiff worked through all or part of her lunch break.

17. Defendant automatically deducted one (1) hour of pay from Named Plaintiff's wages for every shift she worked for a "lunch break," even though Named Plaintiff did not take all or part of her lunch break.

18. Accordingly, Named Plaintiff worked approximately 42.5 hours per week, but was only paid for 37.5 hours per week.

19. Named Plaintiff was thus not paid time and one half her regular hourly wage for all the hours she worked over 40 in any given week.

20. Like Named Plaintiff, members of the FLSA collective are all victims of Defendant's common policy and/or plan to violate the FLSA by automatically deducting one (1) hour of pay from their wages for every shift they worked for a "lunch break," even though

members of the FLSA collective did not take all or part of their lunch break. As a result, members of the FLSA collective worked approximately 42.5 hours per week, but were only paid for 37.5 hours per week. Members of the FLSA collective were thus not paid time and one half their regular hourly wage for all the hours they worked over 40 in any given week.

21. Named Plaintiff and members of the FLSA collective are all victims of the Defendant's common policy and/or plan to violate the FLSA by failing to provide overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of forty (40) hours in any given week.

## FIRST CAUSE OF ACTION:
## FLSA OVERTIME WAGE COMPENSATION

22. Named Plaintiff repeats and re-alleges the allegations set forth above.

23. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of their employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for their employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

24. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

25. Named Plaintiff and members of the FLSA collective are employees within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

26. Defendant is an "employer," within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d), and, consequently, are liable for violations of FLSA.

27. Defendant failed to pay Named Plaintiff and members of the FLSA collective all earned overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first 40 hours in any given week.

28. The failure of Defendant to pay Named Plaintiff and members of the FLSA collective their rightfully owed wages and overtime compensation was willful.

29. By the foregoing reasons, Defendant is liable to Named Plaintiff and members of the FLSA collective in an amount to be determined at trial, plus interest, attorneys' fees and costs.

**WHEREFORE**, Named Plaintiff, individually and on behalf of all other persons similarly situated, demands judgment:

(1) on the first cause of action against Defendant, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs; and

(2) such other and further relief as this Court may deem just and proper.

Dated: New York, New York
        June 7, 2017

                        VIRGINIA & AMBINDER, LLP

          By:   /s/ Lloyd Ambinder, Esq.
                  Lloyd Ambinder, Esq.
                  Jack Newhouse, Esq.
                  40 Broad Street, 7th Floor
                  New York, New York 10004

        lambinder@vandallp.com
        Tel:    (212) 943-9080
        Fax:   (212) 943-9082
        *Attorney for the Plaintiffs*