

The Setai building
40 Broad Street, 7th Floor
New York, New York 10004
Telephone: (212) 943-9080
Fax: (212) 943-9082
www.vandallp.com

**Jack L. Newhouse, Esq.**
jnewhouse@vandallp.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 14, 2017

MEMO ENDORSED

November 13, 2017

**VIA ECF**
Hon. Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 618
New York, New York 10007

      Re:    <u>Cullar et. al. v. New York City Health and Hospitals Corp.</u>
            Case No.: 17-CV-04294-KPF

Dear Judge Failla:

      This firm is counsel to Plaintiff Jewdith Cullar ("Plaintiff") in the above-referenced wage and hour action. The parties jointly submit their settlement of this action for approval by the Court as required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). A copy of the Settlement Agreement is annexed hereto as Exhibit A.

      On June 7, 2017, the Plaintiff commenced this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b) to recover alleged unpaid overtime compensation. Plaintiff has agreed to dismiss her claims with prejudice in exchange for $19,000.00. Defendant has also agreed to pay Plaintiff's counsel $9,500.00 in attorneys' fees and costs. For the reasons set forth below, the parties respectfully request the Court approve the settlement agreement in its entirety and dismiss this action with prejudice.

<b>The Settlement Agreement is Fair and Reasonable</b>

      In *Cheeks*, the Second Circuit raised concerns with settlement agreements that contain a battery of highly restrictive confidentiality provisions and overbroad release provisions. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). The concerns raised in *Cheeks* are not present in this Agreement. The Agreement will be filed publicly with the Court as an exhibit to this letter motion, contains only a specific release limited to wage claims, and does not contain a confidentiality provision or any other restrictive provisions. The Agreement calls for the stipulated dismissal of this action with prejudice should the Court approve of same. Accordingly, we believe the Agreement is fair and reasonable in all respects under *Cheeks*.



In assessing the fairness of a settlement, courts look to the totality of the circumstances, including the following factors: (1) the range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement "is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Wolinksy v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, 2010 WL 3000028, *1 (S.D.N.Y. 2010) (other citations omitted)).

In this case, Plaintiff's maximum recovery for her federal overtime claims is $9,638.14, $19,276.29 with liquidated damages. This calculation is based on working 42 hours per week for every single week during the limitations period. Plaintiff, however, alleged that she normally worked 41.5 to 42 hours per week. If Plaintiff were to take this case to trial and only prove she was owed 41.75 hours per week, she would recover $16,866.75 inclusive of liquidated damages. Plaintiff's recovery would be further reduced for each week she worked less than 5 days. Accordingly, by accepting $19,000.00 to settle her claim, Plaintiff is receiving 100% of her maximum recovery.

In addition, at this early stage of the proceedings, Plaintiff is obtaining full recovery without having to go through the time-consuming process of litigating her claims. The risks of continued litigation to are significant. First, both parties would bear the cost and expenses of continued litigation, and Defendant may have to pay increased attorneys' fees and costs to Plaintiff's counsel. Second, Plaintiff would risk recovering less than what she has currently agreed to receive.

Finally, both sides were represented by experienced counsel who practice in the area of employment litigation, and particularly wage and hour litigation. This was a true arm's length negotiation among experienced attorneys that led to a fair and reasonable settlement.

**Attorneys' Fees and Costs**

Plaintiff's counsel, Virginia & Ambinder, LLP ("V&A") seeks approval of $8,937.59 in attorneys' fees and $562.41 in costs expended on behalf of the Plaintiff. The attorneys' fees and costs were negotiated and made part of the settlement agreement. A copy of Virginia & Ambinder, LLP's contemporaneous billing statement is annexed hereto as Exhibit B.

Under the FLSA, "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "In calculating attorney's fees, the district court must first determine the "lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – [which] creates a presumptively reasonable fee." *Stanczyk v. City of NY*, 752 F.3d 273, 284 (2d Cir. 2014).



Here, Plaintiff's counsel successfully negotiated a settlement before expending significant time on discovery and motion practice. Plaintiff's counsel maintains contemporaneous time records reflecting the tasks performed and the time it took to perform those tasks. Based on these time records, Plaintiff's counsel devoted 50.1 hours in representing Plaintiff for a total lodestar of $12,253.50 in fees. The work conducted by Plaintiff's counsel in this action includes, but is not limited to: (1) due diligence on Plaintiff's claims, (2) due diligence on commencing actions against the New York Health and Hospitals Corporation, (3) drafting the pleadings; (4) responding to Defendant's pre-motion conference letter to dismiss this action; (5) preparing the case management plan; (6) drafting letters to the Court; (7) corresponding with Defendant's counsel; (8) preparing Rule 26 disclosures including preparing damage calculations; (9) attending the initial conference; (10) reviewing the settlement agreement; (11) meetings and correspondence with the Plaintiff; and (12) drafting the application for approval.

The majority of time was billed by associate Michele Moreno. Ms. Moreno billed 28.9 hours at $225 per hour. Ms. Moreno is a 2015 graduate of Benjamin N. Cardozo School of Law. She joined V&A as an associate in November 2015, after previously serving as a law clerk at V&A from September 2014 to October 2015. I billed 11.5 hours at $325 per hour. I am a 2012 graduate of St. John's University School of Law, and have given trainings on wage and hour issues to numerous non-profits, including, New York Legal Assistance Group, Palladium, Inc., The Osborne Association, New York City Employment & Training Coalition, and The Silberman School of Social Work at Hunter College. In addition, 7.3 hours were billed by paralegals at $125 per hour.

V&A's hourly rates are reasonable. "The reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Assn. v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2007). To determine the hourly rate, a court should "attempt to approximate the market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Kalloo v. Unlimited Mech. Co. of NY*, 977 F. Supp. 2d 209, 212 (E.D.N.Y. 2013).

In September 2017, Ms. Moreno's rate was approved by Judge Orenstein in the Eastern District of New York. *Gomez v. Midwood Lumber and Millwork, Inc., et al.*, 17-cv-3064 (KAM) (JO) (See order dated September 20, 2017, approving settlement as fair and reasonable, including Ms. Moreno's rate at $225 per hour). My rate has been approved at $325 in the Southern District of New York by Judge Castel and Judge Forrest. In June 2017, in a case titled *Gordon v. Chuck Agency, LLC*, Docket No 16-cv-4837 (PKC) (S.D.N.Y.), Judge Castel approved the settlement agreement, including V&A's fees, which amounted to 40% of the total settlement amount. In that case, V&A requested 0.83 times their lodestar. The rates used to determine the lodestar were $325 per hour for myself and $125 per hour for paralegal work. *Gordon v. Chuck Agency, LLC*, Docket No 16-cv-4837 (Docket Nos. 28 and 29). In August 2017, in a case titled *Sim v. Vilca, et al.*, Docket No. 17-cv-699 (KBF) (S.D.N.Y.), Judge Forrest found the settlement agreement and attorneys' fees to be "fair and reasonable." In *Sim*, V&A requested a lodestar of



0.78. The rates used were $325 per hour for myself, $250 for a less senior associate, and $125 for paralegal work. *Sim v. Vilca, et al.*, Docket No. 17-cv-699 (KBF) (S.D.N.Y.) (Docket Nos. 22 and 23).

The lodestar cross-check, which compares the requested fee to the time and labor expended by counsel, weighs in favor of approving the requested fee in this matter. Here, Plaintiff counsel's fees are 0.73 times its lodestar. This is entirely reasonable considering courts within the Second Circuit have awarded multipliers in excess of a counsel's lodestar. *See, e.g., In re Hi–Crush Partners L.P. Sec. Litig.*, 2014 WL 7323417, at *18 (S.D.N.Y. 2014) (multiplier of 1.41); *In re Visa Check/Master money Antitrust Litig.*, 297 F.Supp.2d 503, 524 (E.D.N.Y. 2003) (multiplier of 3.5); *In re Citigroup Inc. Sec. Litig.*, 965 F.Supp.2d. 369, 401 (S.D.N.Y. 2013) (multiplier of 2.8). To the extent Your Honor is inclined to find V&A's rates or hours expended unreasonable, V&A respectfully requests Your Honor also consider that V&A's lodestar has already been reduced by $3,315.91, a 27% reduction.

V&A also expended $562.41 in out-of-pocket expenses. "Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were 'incidental and necessary to the representation' of those clients." *In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003) (internal citation and quotation marks omitted). Here, V&A incurred actual expenses of $562.41 for costs such as court fees, service fees, and legal research fees. These expenses were incidental and necessary to the representation of Plaintiff.

Public policy also weighs in favor of approving the requested attorneys' fees. The purpose of shifting attorneys' fees to a defendant-employer is to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel. But for the separate provision of legal fees, many violations of the Fair Labor Standards Act would continue unabated and uncorrected." *Sand v. Greenberg*, 2010 U.S. Dist LEXIS 1120, at *9 (S.D.N.Y. 2010).

Accordingly, we jointly respectfully request that the Court approve of the Agreement, "so order" the proposed stipulation of dismissal (annexed hereto as Exhibit C), and have it entered on the docket by the Clerk of the Court. Thank you for your time and consideration.

                                                    Respectfully submitted,

                                                    /s/Jack L. Newhouse

cc:     Sean Renaghan, Esq. (via e-mail and ECF)

The Court is in receipt of the parties' proposed settlement. The Court has reviewed the proposal in light of *Cheeks* v. *Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *Lopez* v. *Nights of Cabiria*, 96 F. Supp. 3d 170 (S.D.N.Y. 2015), and *Wolinsky* v. *Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), and finds that the settlement is fair.

While the Court finds that the attorneys' fees provided for in Paragraph 3 of the Settlement Agreement are reasonable, the Court does not make any finding as to the reasonableness of counsel's hourly rates.

Dated:    November 14, 2017            SO ORDERED.
          New York, New York

                                       HON. KATHERINE POLK FAILLA
                                       UNITED STATES DISTRICT JUDGE